UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MELANIE RISCH, individually and on behalf of others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No.4:11CV01621 AGF ) |
| NATOLI  ENGINEERING COMPANY, INC., | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Plaintiff Melanie Risch for conditional class certification (Doc. No. 11) and for an order requiring the disclosure of putative class members' names and contact information  (Doc. No. 17) and approving the proposed form of notice and consent form (Doc. No. 17-1).  Plaintiff asserts a claim under Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), to recover unpaid wages and overtime allegedly owed to her and all other similarly-situated employees who have worked for Defendant Natoli Engineering Company, Inc., as customer service representatives and order entry employees in the three years prior to the date of this Order.  Defendant denies the allegations in Plaintiff's complaint, but has stipulated to the conditional certification of the class as defined in Plaintiff's motion. Further, the parties have stipulated to the content of the Notice of Right To Join and Consent Form.  (Doc. No. 17-1).

Having considered the Plaintiff's motion for conditional class certification, the proposed notice and consent forms, the parties' stipulations, and the applicable law, the Court finds that Plaintiff has made "substantial allegations that the putative class members were together the victims of a single decision, policy or plan" as required for conditional class certification under 29 U.S.C. §216(b).  *Beasely v. GC Servs. LP,* No. 4:09CV01748 CDP, slip op. at 4 (E.D. Mo. Oct. 6, 2010)*; Littlefield v. Dealer Warranty Servs., LLC*, 679 F. Supp. 2d 1014, 1016 (E.D. Mo. 2010).

In addition, the Court, in the exercise of its authority to facilitate notice in class actions under the FLSA, is satisfied that the proposed notice and consent form adequately advise potential plaintiffs of their rights in this matter.  *See Hoffmann La-Roche v. Sperling,* 493 U.S. 165,169 (1989)*; Wass v. N.C. International, Inc.,* No. 092254JWL*,* 2011 WL1118774 (D. Kan. Mar. 28, 2011)*; Luiken v. Domino's Pizza, LLC,* 2010 WL 2545875 (D. Minn. June 21,2010).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Conditionally Certify Class (Doc. No. 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that a collective class of present and former employees of Defendant, as defined in the parties' stipulation (Doc. No. 17), is conditionally certified pursuant to 29 U.S.C. §216(b).

**IT IS FURTHER ORDERED** that Plaintiff's motion to Order Disclosure of Putative Class Members' Names and Contact Information and to Facilitate Class Notice (Doc. No. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **December 5, 2011,** Defendant shall provide Plaintiff with a list of all as customer service and order entry representatives employed by Defendant in the three (3) years prior to the date of this Order, including the last known mailing address and telephone number (if known) for each.

**IT IS FURTHER ORDERED** that Plaintiff is authorized to send notice and consent forms, by way of first class mail, to potential opt-in plaintiffs in a format substantially identical to the Notice of Right To Join Lawsuit and Plaintiff Consent Form (Doc. No. 18-1).

**IT IS FURTHER ORDERED** that Defendant shall provide a copy of the Notice of Right To Join and Consent Form with each potential opt-in plaintiff's pay check and/or pay stub on the next pay day following entry of this Order, and Defendant shall provide to Plaintiff's counsel certification of compliance with this provision.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 21st day of November, 2011.