UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MELANIE RISCH, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NATOLI ENGINEERING COMPANY, LLC,<br><br>Defendant. | Case No. 4:11CV1621 AGF |

## MEMORANDUM AND ORDER

This case is an action for relief under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. §201 *et seq.*; the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat § 290.010 *et seq.*, and Missouri common law. Presently before the Court is the unopposed motion of Plaintiff Melanie Risch, individually and on behalf of others similarly situated, for Certification of a Rule 23 Class for Settlement Purposes, Preliminary Approval of the Class Action Settlement Agreement, Approval of Notice to Class Members, and Hearing for Final Approval of the Parties' Class Action Settlement Agreement. (Doc. Nos. 55 & 60.)

On April 13, 2010, Plaintiff, individually and on behalf of others similarly situated, filed a complaint against Defendant Natoli Engineering Company, LLC, alleging that she and other non-exempt hourly customer service representatives employed at Defendant's call center located in Saint Charles, Missouri, performed overtime work with

out receiving overtime pay as required pursuant to the FLSA (Count I), the MMWL (Count II), and Missouri common law (Count III).  On November 21, 2011, the Court conditionally certified a plaintiff class under the FLSA and notice of the opportunity to join in the suit was approved and sent to putative class members.  (Doc. No. 20.)  Following discovery, the matter was referred for mediation.  After a fourteen hour, arm's-length mediation session, the parties achieved a proposed class action settlement, the terms and conditions of which are set forth in the Parties' Class Action Settlement Agreement ("Settlement Agreement") (Doc. No. 55-1.)

In the present unopposed motion, Plaintiff seeks preliminary approval of a settlement class pursuant to the procedures set forth in Federal Rule of Civil Procedure 23(e) for the settlement of class actions.  In the context of Rule 23(e), this Court may, upon request of the parties, certify a class solely for purposes of settlement after making a "determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b)." Manual for Complex Litig. (Fourth) § 21.632 (2004) ("Manual Fourth"); Fed. R. Civ. P. 23(e).

The parties have stipulated and agreed the Settlement Class[1] includes two sub-classes: (1) all persons who worked for Defendant as customer service/order entry employees from on or after September 19, 2008, through the payroll period ending March 30, 2012, and who timely filed an opt-in notice pursuant to the Court's conditional

---

[1] The Parties stipulate that the Settlement Class consists of those persons listed on the attached Exhibit 1, but excluding any such persons who elect to opt out pursuant to the opt-out procedure described in the Settlement Agreement.

certification of the collective action class in Count I, and (2) all persons who worked for Defendant as customer service/order entry employees from on or after September 19, 2009, through the payroll period ending March 30, 2012, and who do not file an election to "opt-out" of the Rule 23 Class established pursuant to Count II. (Doc. No. 55-1, at p. 2.)

Upon review of the record and the materials filed in support of settlement the Court finds that the Settlement Class and sub-classes proposed by the parties meet the requirements of Rule 23(a). Specifically, the parties agree the two sub-classes consist in the aggregate of thirty two (32) members. Although this a relatively small class, the Court finds that the class is sufficiently numerous as to render joinder of all members impracticable. The Court also finds that there are questions of law and fact common to the proposed settlement classes; that the claims of the representative Plaintiffs are typical of the claims of members of the proposed settlement classes; and that the representative Plaintiffs will fairly and adequately represent the interests of the proposed settlement classes. Fed. R. Civ. P. 23(a).

In addition, the Court finds that the Settlement Classes satisfy the requirements of Rule 23(b)(3). There are common issues of law and fact among the proposed class members and the common issues predominate over individual issues. Further, any individual differences between the class members, such as hours worked, hourly rates, and the type of work performed do not give rise to conflicts of interest among them. The individual class members have little to gain by separately pursuing the litigation and a

3

class action provides a more efficient means of presenting their claims. The Court is not aware of any litigation already commenced by or against these parties concerning the issues in this suit, and given the presence of both parties in this forum, it is a desirable forum for each party. Finally, the issues among class members are relatively consistent, and no conflicts of interest between the representative Plaintiff and members of the Settlement Classes have been asserted or identified. Accordingly, and upon consideration of Plaintiff's submissions in support of her motion, the Court finds that the Settlement Classes, as defined above, meet the requirements of Rule 23 and should be certified. *See Amchem Prods., Inc., v. Windsor*, 521 U.S. 591, 623 (1997) (applying Fed. R. Civ. P. 23(b)(3)).

Plaintiff also requests preliminary approval of the proposed Settlement Agreement set forth in Doc. No. 55-1. In an FLSA action, before holding a hearing for final approval of the Settlement Agreement, this Court must undertake a preliminary fairness review of the proposed class settlement. Manual Fourth, at § 21.632. The Court is required to find that a bona fide dispute exists between the parties and make a preliminary determination as to the "fairness, reasonableness, and adequacy of the settlement terms." *Id.* Having reached such a determination the Court may, after a hearing, enter its final approval of a settlement as fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Moore v. Ackerman Investment Co.*, No. C 07-3058-MWB, 2009 WL 2848858, at *2 (N.D. Iowa Sept. 1,

4

2009); *Bailey v. Ameriquest Mortgage Co.*, No. 01-545 JRT/FLN, 2003 WL 23527788, at *1 (D. Minn. Dec. 19, 2003).

"[I]n determining whether a settlement is fair, reasonable, and adequate [the Court] considers. . . the merits of the plaintiff's case, weighed against the terms of the settlement; the defendant's financial condition; the complexity and expense of further litigation; and the amount of opposition to the settlement." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932-33 (8th Cir. 2005) (citations omitted). A court is not required to make a detailed investigation consonant with trying the case; it must, however, assure that its decision rests on "well-reasoned conclusions" and is not "mere boilerplate." *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir.1988) (citations omitted). The most important consideration in deciding whether a settlement is fair, reasonable, and adequate is "the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement." *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1150 (8th Cir. 1999) (internal quotations omitted).

Upon preliminary review, the Court finds that the terms of the proposed Settlement Agreement appear to be fair, reasonable and adequate. The Settlement Agreement provides that Defendant will pay $215,000 in settlement of the Class Members' claims (the "Gross Settlement Amount"). The specific distribution of the Gross Settlement Amount is set forth in the Class Action Settlement Agreement. (Doc. No. 55-2). The Gross Settlement Amount is designed to cover all payments to class members; Class Counsel's attorney's fees, costs, and expenses; and, an enhanced payment of $5,000 to the

named Plaintiff who took the risk in bringing this lawsuit, took a lead role in it, and assisted in its resolution.  To date, Class Counsel have incurred attorneys' fees and costs in the amount of $108,544.48.  Class Counsel reserve the opportunity to petition the Court for an additional award of attorneys' fees and costs in conjunction with finalizing and implementing the Settlement Agreement.  The parties have agreed that any additional attorney's fees and costs awarded in conjunction with the parties' settlement shall be paid from the maximum Gross Settlement Amount and shall reduce the quantity of the net settlement amount payable to the Settlement Class members on a pro rata basis.

Class Counsel represent that they have fully advised Plaintiff of the Settlement Agreement, and Plaintiff approves of and consents to the settlement.  Defendant denies the claims asserted in this action, has asserted defenses and expressly denies any wrongdoing or legal liability arising out of the action.  The parties agree that neither the Settlement Agreement nor any action taken to carry out the Settlement Agreement is or may be construed as an admission, concession, or indication that Defendant or anyone else committed any wrongdoing.

The Court finds that terms of this settlement are fair and reasonable in accordance with the requirements of the FLSA that it meets the criteria for a reasonable and fair settlement as set forth in *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932-33 (8th Cir. 2005).  The proposed settlement embodies a compromise that is fair to both the putative Class Members and Defendant and is in the best interest of the Settlement Class members.  Taking into account the strengths of Plaintiff's case and the

defenses available to Defendant, the proposed Settlement Agreement appears to provide appropriate, substantial and immediate relief.  Given individualized problems of proof and anticipated defenses, further pursuit of the litigation would be complex and costly. There has been no indication that Defendants will be unable to pay, or incur undue hardship as a result of, the settlement.  In settling, Plaintiff avoids risking a portion of the recovery available to them, and Defendants avoid the distraction and expense of a possibly protracted trial. The incentive award to the named Plaintiff is fair and reasonable because she undertook the risk in bringing this lawsuit, took a lead role in it, and assisted in its resolution and it approximates other incentive awards seen in this District.  Finally, at this juncture, no opposition to the Settlement Agreement has been noted.  In the event that there are such objections, the Court will entertain them during the fairness hearing pursuant to the procedures set forth in the proposed Notice To Class Members.  In light of the foregoing, the Court concludes that the proposed terms of the Settlement Agreement are within the range of possible approval, and will therefore set a hearing date for final approval of the Settlement Agreement.

      The Settlement Agreement provides that Class Counsel shall, within ten (10) days of the Court's preliminary approval of the settlement, send a Class Notice by first class mail to each individual who is a Settlement Class member.  Settlement Payments shall be issued to all FLSA sub-class members who filed a timely opt-in notice and to all Rule 23 sub-Class Members who do not return a valid and timely opt-out request.  Plaintiff also seeks approval of the proposed Notice to Class Members.  (Doc. No. 55-2).  Upon review

of the Notice to Class Members, the Court finds that the proposed notice fully and accurately informs the Settlement Classes of all material elements of the Settlement Agreement, of each Settlement Class member's right to be excluded from the class, and of each Settlement Class member's right and opportunity to challenge Defendant's records regarding the amount of overtime he or she worked as a customer service representative during the Class Period. *Petrovic*, 200 F.3d at 1153.

In addition, the proposed notice describes the Settlement Classes and the action, claims, issues, and defenses; includes the hearing date and allows for the appearance of Settlement Class members; provides procedures for objecting to the proposed Settlement Agreement; discusses the treatment of attorney's fees; and explains the binding effect of a class judgment. The notice is to be sent via first class mail to all known Settlement Class members at their last known address based upon Defendant's employment records. The Court therefore approves the proposed Notice To Class Members, finding that it constitutes valid, practicable, and sufficient notice to all members of the Settlement Class, and complies fully with the requirements of Rule 23.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Certification of a Class For Settlement Purposes (Doc. No. 55) is **GRANTED**, certifying, pursuant to Federal Rule of Civil Procedure 23(e) and for settlement purposes only, a class consisting of two sub-classes:

(1) all persons who worked for Defendant as customer service/order entry employees from on or after September 19, 2008, through the payroll period ending March 30, 2012, and who timely filed an opt-in notice pursuant to the Court's conditional certification of the collective action class in Count I, and (2) all persons who worked for Defendant as customer service/order entry employees from on or after September 19, 2009, through the payroll period ending March 30, 2012, and who do not file an election to "opt-out" of the Rule 23 Class established pursuant to Count II.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Approval Of Notice To Class Members (Doc. No. 55-3) is **GRANTED.**  The Court approves the proposed form of Notice to Class Members.  The method for provision of notice shall comply with the terms proposed by the parties in the Settlement Agreement and set forth in this Order.  The parties shall use their best efforts to complete the provision of notice within 10 days of the date of this Order.  Plaintiff's Counsel shall file an affidavit or declaration stating that the mailing has been accomplished in accordance with the notice requirements set forth in the Settlement Agreement and this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Preliminary Approval of Class Settlement Agreement and for a Hearing For Final Approval of the Parties' Class Settlement Agreement are **GRANTED**.  The Court will hold a fairness hearing on **Friday, September 21, 2012, at 2:30 p.m., Thomas F. Eagleton Courthouse, 111 S. 10th St., Saint Louis, MO 63102,** for purposes of determining whether final approval of

the Class Settlement Agreement is appropriate, whether Class Counsel fairly and adequately protected the interests of the Settlement Class, and whether Class Counsel's attorney's fees, costs, and expenses should be approved by the Court.

**IT IS FURTHER ORDERED** that Plaintiff's request to dismiss Count III with prejudice is **GRANTED**.

/s/ ***Audrey G. Fleissig***
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this __7th__ day of August, 2012.