UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MELANIE RISCH, individually and on behalf of others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   Case No. 4:11CV1621 AGF ) |
| NATOLI ENGINEERING COMPANY, LLC, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This action, brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), is before the Court for final approval of proposed class action settlement. (Doc. No. 55.) On April 13, 2010, Plaintiff, individually and on behalf of others similarly situated, filed a complaint against Defendant Natoli Engineering Company, LLC, alleging that she and other non-exempt hourly customer service representatives employed at Defendant's call center located in Saint Charles, Missouri, performed overtime work without receiving overtime pay as required pursuant to the FLSA (Count I), the MMWL (Count II), and Missouri common law (Count III).[1]  On November 21, 2011, the Court conditionally certified a plaintiff class under the FLSA and notice of the opportunity to join in the suit was approved and sent to putative class members. (Doc. No. 20.) Following discovery, the matter was referred for mediation. After a fourteen hour, arm's-length mediation session, the parties achieved a proposed class action settlement,

---

[1] Count III will be dismissed as part of the settlement.

the terms and conditions of which are set forth in the Parties' Class Action Settlement Agreement ("Settlement Agreement") (Doc. No. 55-1.) On August 7, 2012, the Court issued a Memorandum and Order, granting certification of a class for settlement purposes, approving a form of notice to class members, and giving preliminary approval to the Settlement Agreement. (Docket No. 61.) Plaintiffs also have filed a Motion for Attorney's Fees. (Doc. No. 64 and supporting affidavits.)

After notice and hearing, and having considered all filings and proceedings herein, and noting that no objections to approval of the Settlement Agreement have been filed by any class members, the Court finds that the Settlement Agreement is fair, adequate, and reasonable and awards Plaintiffs their requested attorney's fees and costs.

**Applicable Law**

When employees bring a private action for unpaid wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Martin v. Spring Break '83 Prod., LLC,* 688 F.3d 247, 255 (5th Cir. 2012) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 714 (1945)). If the Court is satisfied that a settlement reached in adversarial proceedings represents a fair and equitable compromise of a bona fide wage and hour dispute, the settlement may be approved, and stipulated judgment entered. *Id.* at 255; *see also Sanderson v. Unilever Supply Chain, Inc.,* No.10-CV-00775-FJG, 2011 WL 5822413, at *3 (W.D. Mo. Nov. 16, 2011); *Moore v. Ackerman Investment Co.*, No. C 07-3058-MB, 2009 WL 2848858, *2 (N.D. Iowa Sept. 1, 2009); *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 718-19 (E.D. La. 2008).

2

To determine whether the settlement is fair and reasonable under the FLSA, the Court considers the fairness factors typically applied to a class action certified under Federal Rule of Civil Procedure 23.  Those factors are: the extent of discovery that has taken place; the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; the absence of fraud or collusion in the settlement; the experience of counsel who have represented the plaintiffs; the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and the probability of the plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.  *Lynn's Food Stores, Inc. v. United* States, 679 F.2d 1350, 1353 (11th Cir. 1982); *Moore*, 2009 WL 2848858, at *2.

**Analysis**

The Court has jurisdiction over the subject matter of this proceeding and personal jurisdiction over all parties to this proceeding, including all class members.  In addition, the Court finds, as set forth in its August 7, 2012 Order, that the Settlement Class[2] is properly certified, pursuant to the applicable requirements, for final approval of this class action settlement under the FLSA and under the provisions of Fed. R. Civ. P. 23.  The

---

[2] The Settlement Class includes two sub-classes: (1) all persons who worked for Defendant as customer service/order entry employees from on or after September 19, 2008, through the payroll period ending March 30, 2012, and who timely filed an "opt-in" notice pursuant to the Court's conditional certification of the collective action class in Count I, and (2) all persons who worked for Defendant as customer service/order entry employees from on or after September 19, 2009, through the payroll period ending March 30, 2012, and who do not file an election to "opt-out" of the Rule 23 Class established pursuant to Count II.  (Doc. No. 55-1, at 2.)

Court further finds that adequate notice of the proposed settlement has been disseminated to the 32 class members,[3] as set forth in the Settlement Agreement and previously approved by this Court.  The notices informed class members of their right to exclude themselves from the settlement, as well as their right to object to any aspect of the proposed settlement, including the estimated amount of their respective shares of the Gross Settlement Amount.  There is no indication on the record that any mailed notices were returned for improper addresses and the parties have represented to the Court that all members of the putative classes received notice.

After adequate notice, a hearing on the fairness, reasonableness, and adequacy of the settlement, and the expiration of the designated time for objection, no objection to the Settlement Agreement has been filed by any class member.  Of the 32 potential class members, none requested to opt out of the Settlement Agreement.[4]  Pursuant to its terms, the Settlement Agreement is binding on the named Plaintiffs and all class members who did not opt out, as well as their heirs, executors and administrators, successors and assigns, and those terms shall be res judicata and hold other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of

---

[3]   Of the 32 class members, 17 belong to the FLSA "opt-in" subclass and 15 to the Rule 23 "opt-out" subclass.

[4]   At the hearing on the proposed settlement, the parties agreed that they had no objection to the request of class member Jennifer Bergauer (Doc. No. 66) to rescind her earlier decision  to "opt- out" of the Rule 23 subclass.  For purposes of clarification, the Court therefore recognizes Ms. Bergauer as a member of the Rule 23 subclass to be bound along with all other members of the Settlement Class by the terms of the Settlement Agreement.

any such persons, to the extent those claims, lawsuits or other proceedings constitute released claims as set forth in the Settlement Agreement.

This settlement is the product of contested litigation, as the parties disputed numerous aspects of this case. Although the parties had little disagreement on the question of liability they disagreed vehemently with respect to the amount of damages recoverable. The parties disagreed as to whether unpaid overtime wages should be at one and one half times the regular rate or at a halftime rate. The resolution of this issue is unresolved under current law and may be a question of fact requiring a jury determination. The parties' settlement obviated the time and expense of a jury trial. The parties also disagreed about whether the rounding of clock-in and clock-out times by Defendant's "timekeeper software" was unlawful and about the affect of the rounding on the amount of recoverable damages. The Settlement Agreement includes an unpaid wage calculation premised upon the one and one-half times wage rate and resolution of the rounding issue in a manner most favorable to the Settlement Class. The parties also contested issues related to Defendant's alternating workweek schedule and the inclusion of an additional year of unpaid wages in the damage calculation. They reached compromise on each of these issues with Defendant agreeing to pay the third year's wages and a portion of the time period affected by the alternating work week schedule.

Pursuant to the terms of the Settlement Agreement the Plaintiff Class will recover $99,620.52 of the $215,000.00 Gross Settlement Amount. The portion of the Gross Settlement Amount paid directly to Plaintiffs constitutes 85-90% of the projected recovery estimated by Class Counsel had the parties proceeded to trial. After the Court

granted conditional certification, the parties engaged in extensive fact discovery, exchanging and reviewing significant numbers of documents.  Class Counsel received all documents necessary to evaluate the class claims and damages.  The Settlement Agreement resulted from intensive and non-collusive arms-length negotiations, including a lengthy mediation session, and takes into account the amount of overtime hours worked by the class members, the technical issues associated with calculating overtime hours, and the risks of continuing this litigation.

Each party was represented by competent counsel during settlement negotiations and throughout the pendency of this case.  The parties have developed their cases enough to know the potential recovery and the relative risks of proceeding to trial with their claims, yet the litigation was not so advanced or unduly prolonged that the parties cannot realize significant benefits by settling before filing motions for summary judgment and trial.

The terms of the Settlement Agreement have no obvious deficiencies and do not improperly grant preferential treatment to any individual class member.  The Court approves payment of an individual incentive award to the named Plaintiff in the amount of $5,000.00 as set forth in the Settlement Agreement for her services as class representative.  The class representative incentive award is reasonable and appropriate and shall be made from the settlement fund in accordance with the terms of the Settlement Agreement.  *See*, *e.g., Crocker v. KV Pharmaceutical Co.*, No. 4:09-CV-198 (CEJ), at *8 (E.D. Mo. May 4, 2012) (approving an incentive awards of $4,000 and

$8,000); *Wolfert v. UnitedHealth Group, Inc.*, No. 4:08CV01643(TIA), at *4 (E.D. Mo. Aug. 21, 2009) (approving an incentive award of $30,000).

In granting final approval of the Settlement Agreement, the Court has considered the nature of the claims, the amounts and kinds of benefits paid in settlement, the allocation of settlement proceeds among the class members, and the fact that a settlement represents a compromise of the parties' respective positions rather than the result of a finding of liability at trial.

On the basis of the foregoing, the Court finds that the parties had a bona fide dispute, and that the Settlement Agreement is a good faith compromise, as neither party has received everything it demanded.  In addition, the Court finds no basis to doubt that the Settlement Agreement was made in good faith; and that the monetary value and terms of the Settlement are fair, reasonable, adequate, and in the best interest of all parties including each of the plaintiff class members.  Therefore, the Court will grant final approval of the terms and conditions contained in the Settlement Agreement.

Having approved the Settlement Agreement, the Court further finds that as of the date of this Memorandum and Order, the named Plaintiffs and all class members who did not affirmatively opt-out shall be bound by the releases set forth in the Settlement Agreement.  Except as to such rights or claims as may be created by the Settlement Agreement, all class members who did not timely opt out as of the date of this Memorandum and Order are hereby forever barred and enjoined from prosecuting or seeking to reopen settled claims, and any other claims released by the Settlement Agreement against the Defendants.

Without affecting the finality of the Settlement or Judgment, this Court shall retain exclusive and continuing jurisdiction over the parties, including all class members, relating to the Action and the administration, consummation, enforcement and interpretation of the Settlement Agreement.  The terms of the Settlement Agreement and this Memorandum and Order are binding on and inure to the benefit of the Parties as set forth in the Settlement Agreement as well as their heirs, trustees, executors, administrators, successors and assigns.

**Attorney's Fees and Costs**

After a careful review of the case and the motion and supporting materials and affidavits, the Court finds that the requested attorney's fees and costs are also fair and reasonable.  It is well established that "[t]he starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate[]." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002).

The Court confirms that Class Counsel, Russell C. Riggan, Sam Moore, D. Eric Sowers, Fern Wolfe, and Elizabeth S. Dillon adequately and ably represented the Plaintiff class for purposes of entering into and implementing the Settlement Agreement.  As class counsel they have researched, briefed and argued contested issues, undertaken significant discovery, negotiated with opposing counsel, participated in mediation, and implemented all notification requirements.

Defendant does not oppose the award of attorney's fees and costs requested by Class Counsel and the Court's review of the supporting documentation for those fees

persuades it that both the number of hours and the hourly rates requested are reasonable based on the novelty and complexity of the issues presented, counsel's expertise, and the time and effort necessarily expended in this case. Thus, Class Counsel's request falls within the range of reasonableness and the Court is satisfied that the result achieved by the Settlement Agreement justifies the award of fees and costs.

Therefore, the Court concludes that an award of attorney's fees in the amount of $112,997.50 and litigation costs in the amount of $2,381.98 as final payment for, and complete satisfaction of, any and all attorney's fees and costs incurred by and/or owed to Class Counsel will be granted. The payment of fees and costs shall be made from the Gross Settlement Amount in accordance with the terms of the Settlement Agreement.

Accordingly,

**IT IS HEREBY ORDERED** that the parties' Consent Motion for Settlement (Doc. No. 55) and for Final Approval of the Parties' Class Action Settlement Agreement (Doc. No. 55-1) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Approval of Fees and Costs (Doc. No. 64) is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall distribute the settlement funds, in accordance with the terms of this Memorandum and Order and the Settlement Agreement.

**IT IS FURTHER ORDERED** that Count III of Plaintiff's Complaint is **DISMISSED with prejudice**.

**FINALLY, IT IS ORDERED** that the claims of all named Plaintiffs and all class members who did not affirmatively opt out of this action are **DISMISSED with prejudice**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 24th day of September, 2012.